

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 76.167.199.146,<br><br>Defendant. | Case No.: 3:17-cv-02316-GPC-KSC<br><br>**ORDER GRANTING EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[Doc. No. 4]** |

Before the Court is plaintiff Strike 3 Holdings, LLC's *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference. [Doc. No. 4.] Since defendant, John Doe, subscriber assigned IP address 76.167.199.146, has not been named or served, no opposition or reply briefs have been filed. For the reasons discussed below, the Court finds that plaintiff's motion must be **GRANTED**.

### BACKGROUND

Plaintiff has filed a Complaint against defendant alleging a single cause of action for direct copyright infringement. [Doc. No. 1 at p. 2]. Plaintiff asserts that it is the registered copyright holder of the copyrights set forth in the "Copyright Report" attached to the Complaint. [Doc. No. 1, at p. 1; Doc. No. 1-3 ("Copyright Report")]. Plaintiff contends that defendant used the BitTorrent file distribution network to copy and distribute

1

plaintiff's copyrighted work through the Internet without its permission. [Doc. No. 1 at p. 5].

## **DISCUSSION**

In the Ex Parte Motion, plaintiff seeks leave to serve limited, immediate discovery on defendant's Internet Service Provider ("ISP"), Time Warner Cable (Spectrum), so that plaintiff may learn defendant's true identity. [Doc. No. 4-1 at p. 2]. Specifically, plaintiff seeks an order permitting it to serve a Rule 45 subpoena on Time Warner Cable to obtain the name and address of the account holder assigned to defendant's Internet Protocol ("IP") address. [*Id.*].

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). In the Ninth Circuit, exceptions to requests for early discovery have generally been disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, "situations arise, such as the present, where the identity of alleged defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.*

"[S]ome limiting principals should apply to the determination of whether discovery to uncover the identity of a defendant is warranted." *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). Such early discovery should be limited "to ensure that this unusual procedure will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service" and to "prevent use of this method to harass or intimidate." *Id.* First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant.

*Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* "Thus, plaintiff must make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Id.* at 580.

"Lastly, the plaintiff should file a request for discovery with the Court, along with a statement of reasons justifying the specific discovery requested as well as identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." *Id.*

### A. Identification of the Doe Defendant with Sufficient Specificity

"Some district courts in the Ninth Circuit have determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP address assigned to an individual defendant on the day of the alleged infringing conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin." *See, e.g., Malibu Media, LLC v. Does 1-19*, 2012 WL 2152061, at *3 (S.D. Cal. June 12, 2012), and cases cited therein.

In support of the Motion, plaintiff submitted several declarations in support of its request for early discovery. Plaintiff submitted the Declaration of Tobias Fieser, who is employed by IPP International UG ("IPP"), a forensic investigation services corporation. [Doc. No. 4-2, Exh. B at p. 2]. According to Mr. Fieser, IPP monitors the BitTorrent file distribution network for the presence of plaintiff's copyrighted works. [*Id.*]. By reviewing IPP's forensic activity logs, Mr. Fieser declares that IPP's forensic servers connected to a device using defendant's IP address and later "was documented distributing to IPP's servers multiple pieces of Strike 3's copyrighted movies." [*Id.*].

Second, the Declaration of John S. Pasquale, a senior project manager with 7 River Systems, LLC a cybersecurity firm specializing in, *inter alia*, the "the protection of secured

information transmitted across networks," who has had significant experience in solving computer crime cases, states in part as follows:

> 10. Based on my experience in similar cases, Defendant's ISP Time Warner Cable is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 76.167.199.146 during the time of the alleged infringement. Indeed, a subpoena to an ISP is consistently used by civil plaintiffs and law enforcement to identify a subscriber of an IP address.

[Doc. No. 4-2, Exh. C at p. 1].

Third, plaintiff's Complaint also traces the alleged offending IP address to this district. Plaintiff states that it used "IP address geolocation technology by Maxmind Inc., an industry-leading provider of IP address intelligence and online fraud detection tools, to determine that defendant's IP address traced to a physical address in this District." [Doc. No. 1 at p. 2]. *See e.g.*, *Criminal Prods., Inc. v. Doe*, 2016 WL 6822186 (S.D. Cal. Nov. 18, 2016) ("The Court concludes that based on the timing of the IP address tracing efforts employed by plaintiff's investigator, the documented success of the Maxmind geolocation services, and plaintiff's counsel's efforts to independently verify the location information provided by plaintiff's investigator, plaintiff has met its evidentiary burden [that jurisdiction is proper]").

Based on this evidence and information, the Court finds that plaintiff has satisfied the "sufficient specificity" threshold. Plaintiff has provided the Court with information about infringing activity tied to defendant's IP address, specific date and times for such activity, and sufficient reassurance that it seeks to sue a real person subject to the Court's jurisdiction.

### B. Ability to Withstand a Motion to Dismiss

Plaintiff has also made a showing that its Complaint against defendant could withstand a motion to dismiss. "Under the Copyright Act of 1976 ('the Act') a plaintiff may not 'institute [ ]' an action in federal district court 'until registration of the copyright claim has been made in accordance with this title.' 17 U.S.C. § 411(a)." *Berry v. Penguin*

*Group (USA), Inc.*, 448 F.Supp.2d 1202, 1202 (W.D. Wash. 2006). The Complaint alleges that plaintiff is the "registered owner" of the Copyrights in Suit. [Doc. No. 1, at p. 6; Copyright Report].

Under Federal Rule of Civil Procedure 12(b), a case can be dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1), 12(b)(6). As applied herein, the Complaint correctly alleges subject matter jurisdiction pursuant to Title 28, United Code, Sections 1331 (federal question) and 1338 (copyrights).

In order to state a viable claim for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) a violation by the defendant of the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004); 17 U.S.C. § 501(a). Here, the Complaint alleges that plaintiff is the owner of the Copyrights-in-Suit and that defendant's IP address copied and distributed plaintiff's copyrighted materials using the BitTorrent file distribution network without plaintiff's permission or consent. [Doc. No. 1 at p. 5-6]. Thus, plaintiff has alleged facts that could withstand a motion to dismiss for failure to state a claim.

Under Federal Rule of Civil Procedure 12(b), a case can be dismissed for lack of personal jurisdiction over a defendant or for improper venue. Fed.R.Civ.P. 12(b)(2)&(3). To avoid a defendant's motion to dismiss under Federal Rule 12(b)(2) for lack of personal jurisdiction, a plaintiff need only make a *prima facie* showing of jurisdiction by presenting facts that, if true, would support a finding of personal jurisdiction over the defendant. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). Personal jurisdiction can be established over a person who resides in the forum state. *Brayton Purcell LLP v. Recordon & Recordon*, 361 F.Supp.2d 1135, 1138 (N.D. Cal. 2005). In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400(a).

In the Complaint, plaintiff asserts that this Court has jurisdiction over the Doe defendant because the alleged acts of infringement were traced to an IP address that is

located in this State and this District. [Doc. No. 1, at p. 2]. It is further alleged that venue is proper in this District because the alleged acts of infringement occurred in this District and the defendant resides or may be found here. [*Id.*]. Therefore, plaintiff has stated facts that are likely to withstand a motion to dismiss for lack of jurisdiction or improper venue.

Finally, the Court must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order, and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). Therefore, the information plaintiff seeks pursuant to a subpoena falls within an exception to the prohibition on disclosure within the Act.

## CONCLUSION

For the reasons set forth above, plaintiff's Ex Parte Motion for Leave to Serve a Third Party Subpoena is **GRANTED**, as follows:

1. Plaintiff may serve a subpoena on defendant's ISP, Time Warner Cable (Spectrum), seeking the name and address only of the subscriber assigned to the IP address identified in the Complaint for the time periods of the alleged infringing activity outlined in Attachments 1 and 2 to plaintiff's Complaint.

2. The subpoena must provide a minimum of **forty-five (45) days'** notice before any production and shall be limited to one category of documents identifying the particular subscriber identified in Exhibits A-D attached to plaintiff's Motion. The requested information shall be limited to the name and address of the subscriber during the time period of the alleged infringing activity referenced in Doc. No. 1-2, attached to the Complaint as Exhibit A. Time Warner Cable (Spectrum) may seek a protective order if it determines there is a legitimate basis for doing so.

///
///

3. Time Warner Cable (Spectrum) shall have **fourteen (14) calendar days** after service of the subpoena to notify the subscriber that his or her identity has been subpoenaed by plaintiff. The subscriber whose identity has been subpoenaed shall then have **thirty (30) calendar days** from the date of the notice to seek a protective order or file any other responsive pleading.

4. Plaintiff shall serve a copy of this Order with any subpoena obtained and served pursuant to this Order to Time Warner Cable (Spectrum). Time Warner Cable (Spectrum), in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: January 4, 2018

Hon. Karen S. Crawford
United States Magistrate Judge